# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GWENDOLYN LEE CHUBIRKO and JOHN MAC CHUBIRKO, | |
| Plaintiffs, pro se, | **MEMORANDUM OPINION** |
| v. | **AND RECOMMENDATION** |
| LISA ANN REVIS, AMANDA SIMMONS SIDES and SHERRY CULLER, | 1:09CV306 |
| Defendants. | |

This matter is before the court on a motion to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Lisa Ann Revis and Amanda Simmons Sides (docket no. 17). Plaintiffs have responded in opposition to the motion. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs initiated this pro se action on April 23, 2009, and contend that this court has federal question jurisdiction, 28 U.S.C. § 1331, under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. In addition to their RICO claim, Plaintiffs also bring state law claims for conspiracy,

criminal fraud, criminal conversion, embezzlement, defamation, libel, intentional and malicious infliction of emotional distress, and reckless negligence. Plaintiffs seek declaratory and injunctive relief, and monetary damages, including treble damages and punitive damages. As alleged in the amended complaint, the background facts are as follows.

**FACTS**

Lisa Ann Revis and Amanda Simmons Sides ("Defendants") were both previously employed by Gwendolyn Lee Chubirko and John Mac Chubirko ("Plaintiffs") at Genesis Realty in Kannapolis, North Carolina, as a real estate agent and office manager, respectively. (Am. Compl. ¶¶ 10-12.) While working for Genesis, Defendants incorporated Southern Charm Realty, a competing real estate firm. (*Id.* ¶ 14.) Plaintiffs allege that Defendants ran Southern Charm secretly from within Genesis while they were employed there. Plaintiffs allege that Defendants ran Southern Charm out of Genesis Realty's offices, operated under the Genesis real estate license, and used Genesis monies, computers, phone lines, email accounts, mailings, equipment, motor vehicles, etc. (*Id.* ¶ 16.) Plaintiffs allege that Sides, in her capacity as office manager, diverted referrals to Revis, who worked on these deals as a Southern Charm agent. (*Id.* ¶¶ 14-18.) Plaintiffs also allege that Defendants "perpetuated numerous federal and state felonies, including but not limited to repeated acts of bank fraud, mortgage fraud, wire fraud, and mail fraud," in an attempt to "destroy Plaintiffs' lives, reputations, and what little is left of their

business." (*Id.* ¶¶ 32 & 55.) Finally, in addition to suing Defendants Sides and Revis, Plaintiffs have also named Sides' mother Sherry Culler as a Defendant. (*Id.* ¶ 9.) Plaintiffs allege that Defendant Culler conspired with Sides and Revis in furtherance of their fraudulent schemes and sent Plaintiffs threatening emails. (*See id.* ¶¶ 49-54.)

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). With these principles in mind, the court now turns to the motion to dismiss.

**ANALYSIS**

Defendants contend that Plaintiffs have failed to state a claim upon which relief can be granted under the RICO Act, and therefore, Plaintiffs' RICO claim must be dismissed under Rule 12(b)(6). (Def. Br. 4.) For the following reasons, I agree. To show a RICO violation, a plaintiff must allege a "pattern of racketeering," which must consist of at least two acts of racketeering activity. *See US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting 18 U.S.C. § 1962). The RICO Act specifically enumerates those activities that are considered to be "racketeering activities," including, but not limited to, murder, kidnapping, arson, gambling, robbery, bribery, certain types of embezzlement, and wire and mail fraud. *See* 18 U.S.C. § 1961(1). Furthermore, a plaintiff must show "'continuity plus relationship,' i.e., 'that the racketeering predicates are related, *and* that they amount

to or pose a threat of continued criminal activity.'" *Id.* at 318 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). As the Fourth Circuit has stated:

> The Supreme Court has explained that "'[c]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Closed-ended continuity exists when the "series of related predicates extend[s] over a substantial period of time." . . .
> . . . To allege open-ended continuity, a plaintiff must plead facts that demonstrate a "threat of continuity," i.e., facts that give rise to a reasonable expectation that the racketeering activity will "extend[] indefinitely into the future."

*Id.* at 318 (alterations in original) (internal citations omitted). See *also GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001) (explaining that if the racketeering activity has a built-in ending point, it may not evidence continuity).

Finally, the Fourth Circuit has made clear that "RICO . . . 'does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'" *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d at 317 (quoting *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006)); *see also Maryland-National Capital Park & Planning Comm'n v. Boyle*, 203 F. Supp. 2d 468, 476 (D. Md. 2002) (holding that the Fourth Circuit has exercised caution in RICO cases to "preserve a distinction between ordinary or garden variety fraud claims better prosecuted under state law and cases involving a more serious scope of activity") (quoting *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000)).

In the amended complaint, Plaintiffs allege that Defendants Revis and Sides opened a real estate company while they were still working as Plaintiffs' employees, and that the real estate company was a "criminal enterprise" created to embezzle from Plaintiffs' business. Plaintiffs allege that Defendants committed mail and wire fraud in furtherance of their embezzlement scheme. I agree with Defendants that, as in *Maryland-National Capital Park and Planning Commission v. Boyle*, "the wrongs alleged in this case are not of a 'scope and persistence' which would 'pose a special threat to social well-being'" sufficient to fall within the ambit of the RICO Act. 203 F. Supp. 2d at 477. Indeed, rather than alleging the requisite pattern of racketeering activity required to maintain a civil RICO claim, the claims here are in the nature of "garden variety fraud" that can be more appropriately resolved in state court through Plaintiffs' state law fraud and related claims. Furthermore, Defendants' RICO activity is alleged to have taken place over a period of "at least six months," beginning sometime in 2008 and continuing until March 3, 2009. Courts have held, however, that even a period of eighteen months is insufficient to establish continuity under RICO. *Id.* at 478 (citing *GE Inv. Private Placement Partners II*, 247 F.3d at 550); *see also Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) (determining that where "[d]efendants' actions were narrowly directed towards a single fraudulent goal," "involved but one set of victims," and "took place over approximately one year," there was no continuity for the purpose of stating a RICO Act claim). In sum, for all these reasons, the court should dismiss

Plaintiffs' RICO claim. Furthermore, the court should decline to assert supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

For the reasons stated herein, the court should dismiss the RICO Act claim with prejudice, and the court should dismiss the state law claims without prejudice to Plaintiffs to refile the claims in state court. To this extent, the court should **GRANT** Defendants' motion to dismiss (docket no. 17). Furthermore, although Defendant Culler did not join in the motion to dismiss, the court's analysis here applies to her as well. Thus, the entire case should be dismissed.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
October 28, 2010